**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CATHLEEN MCQUADE, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-00567-CFC |
| CHRISTIANACARE HEALTH SYSTEM, | |
| Defendant. | |

**DEFENDANT'S ANSWER AND SEPARATE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant ChristianaCare Health System ("ChristianaCare" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers Plaintiff Cathleen McQuade's Complaint (the "Complaint") in accordance with the numbered paragraphs thereof as set forth below. All capitalized terms used but not defined herein have the meaning ascribed to them in the Complaint. The inclusion of headings below is only for consistency with the Complaint and is not an admission of the matters set forth in the headings. Defendant does not understand the headings in the Complaint to constitute allegations to which an answer is required. To the extent Plaintiff considers the headings to constitute allegations, Denied denies them.

1.      Plaintiff, Cathleen McQuaade ("Plaintiff"), files this action against Defendant Christiana Care Health System ("Defendant" or "ChristianaCare") for back pay, front pay, compensatory damages, punitive damages and attorneys' fees for violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

**ANSWER:** Defendant admits that Plaintiff Cathleen McQuade has filed this action against Defendant and that she seeks the relief set forth in Paragraph 1. Defendant denies that it engaged

1

in any conduct towards Plaintiff that violated Title VII of the Civil Rights Act ("Title VII") or the American with Disabilities Act of 1990 ("ADA"). Defendant further denies that Plaintiff is entitled to any of the relief requested, or that Plaintiff is entitled to any relief whatsoever from Defendant.

2.     Defendant employed Plaintiff for almost ten years.

**ANSWER:** Denied.

3.     Defendant engaged in religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, (hereinafter, "Title VII").

**ANSWER:** Denied.

4.     Defendant engaged in disability discrimination and failed to accommodate Plaintiff by virtue of her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, (hereinafter, "ADA").

 **ANSWER:** Denied.

5.     This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331.

**ANSWER:** The allegations in Paragraph 5 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendant admits that the Court has federal question jurisdiction given that Plaintiff asserts claims under Title VII and the ADA, but Defendant denies that it engaged in any conduct that violated Title VII, the ADA or that otherwise warrants this action, and, therefore, denies the remaining allegations in Paragraph 5.

6.     Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

**ANSWER:** The allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendant admits that venue is proper in the U.S. District Court for the District of Delaware given that Defendant employed Plaintiff in Delaware, but Defendant denies that it engaged in any conduct that warrants this action and, therefore, denies the remaining allegations in Paragraph 6.

7.       Plaintiff is a resident of Clayton, Delaware, who at all times relevant to this Complaint, was an employee of Defendant Christiana Care.

**ANSWER:** Defendant admits that Plaintiff is a former employee of ChristianaCare. Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 7, and, therefore, Defendant denies the allegations in Paragraph 7 on that basis.

8.       Defendant Christiana Care is a private, non-profit corporation with its headquarters located at 4735 Ogletown-Stanton Road, Newark, DE 19713.

**ANSWER:** Defendant admits that it is a private, non-profit regional health care system, and that it has a location, but not its headquarters location, at 4735 Ogletown-Stanton Road, Newark, DE 19713. Defendant denies the remaining allegations in Paragraph 8.

9.       On May 24, 2022, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC").

**ANSWER:** Defendant admits that Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and Delaware Department of Labor ("DDOL"). The charge of discrimination constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 9 are denied to the

extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety. The remaining allegations in Paragraph 9 constitute conclusions of law to which no responsive pleading is required.

10. On February 15, 2023, Plaintiff received a "Right to Sue" letter from the DDOL regarding Plaintiff's discrimination charge, attached hereto as *Exhibit A.*

**ANSWER:** Defendant admits that the DDOL Final Determination and Right to Sue Notice is dated February 15, 2023. The DDOL Final Determination and Right to Sue Notice constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 10 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety. Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 10, and, therefore, Defendant denies the remaining allegations in Paragraph 10 on that basis.

11. On March 13, 2023, Plaintiff received a "Determination and Notice of Rights" from the EEOC, attached hereto as *Exhibit B.*

**ANSWER:** Defendant admits that the EEOC Determination and Notice of Rights is dated March 13, 2023. The EEOC Determination and Notice of Rights constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 11 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety. Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 11, and, therefore, Defendant denies the remaining allegations in Paragraph 11 on that basis.

12. Plaintiff has satisfied all statutory prerequisites for filing this action.

**ANSWER:**  The allegations in Paragraph 12 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it engaged in any conduct towards Plaintiff that violated Title VII or the ADA, or that otherwise warranted this action.

13.     Plaintiff began her employment with Defendant on July 27, 1998.

**ANSWER:**   Defendant admits that Plaintiff was employed by Christiana Hospital from 1998 to 2001, that Plaintiff was employed by ChristianaCare from 2010 to 2013, and that Plaintiff was again employed by ChristianaCare from April 23, 2018 to September 21, 2021. Defendant denies the remaining allegations in Paragraph 13.

14.     In September 2021, Plaintiff was employed by Defendant in the position of Research Nurse Coordinator, which is a non-patient care position.

**ANSWER:**  Defendant admits that in September 2021, it employed Plaintiff as a Research Nurse Coordinator.  Defendant denies the remaining allegations in Paragraph 14.

15.     In or around July 29, 2021, Defendant announced a Mandatory COVID-19 Vaccination policy ("Policy"), requiring all non-exempt employees to submit to the COVID-19 vaccination or face termination.

**ANSWER:**   Defendant admits that on July 29, 2021, it announced its COVID19 Vaccination Policy (the "Policy").  The Policy constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 15 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant denies the remaining allegations in Paragraph 15.

16.     Defendant's Policy states, "ChristianaCare will generally accept that an employee's request for religious accommodation is based on a sincerely held religious belief. However, if a

caregiver requests a religious accommodation and ChristianaCare is aware of facts that provide an objective basis for questioning either the religious nature or the sincerity of a particular belief, practice, or observance, ChristianaCare will request additional supporting information from the caregiver."

**ANSWER:**  The Policy constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 16 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.

17.    Defendant's Policy defines "caregivers" as "ChristianaCare employees (regardless of the type of work they do), Medical-Dental Staff, residents, students, contracted employees, temporary labor, volunteers and vendors."

**ANSWER:**  The Policy constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 17 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.

18.    Defendant provided a religious accommodation request form which asked individuals to "Describe the religious belief or practice that necessitates this request for accommodation:"

**ANSWER:**  Defendant admits that it announced that it would provide employees with forms to use if they needed to request a religious accommodation.  The religious accommodation request form constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 18 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.

19.     On August 13, 2021, Plaintiff submitted a religious accommodation request to be exempt from Defendant's Policy.

**ANSWER:**   Defendant admits that in August 2021, Plaintiff submitted a religious accommodation request form in which she requested an exemption from the Policy as an accommodation.   The Policy and Plaintiff's religious accommodation request form constitute written documents, the terms of which would speak for themselves; the allegations in Paragraph 19 are denied to the extent they are inconsistent with the terms of such written documents and/or do not accurately reflect such written documents in part or in entirety.   Defendant denies the remaining allegations in Paragraph 19.

20.     On August 25, 2021, Plaintiff was contacted by Defendant over the phone and asked to provide additional support for her religious accommodation request on the spot.

**ANSWER:**  Defendant admits that on August 25, 2021, following Plaintiff's submission of the initial religious accommodation request form, a ChristianaCare representative contacted Plaintiff to gather additional information about her alleged religious beliefs.   Defendant denies the remaining allegations in Paragraph 20.

21.     Defendant's questioning was a direct contradiction to its stated policy as Defendant was not aware of any facts that provided an objective basis for questioning the religious nature or the sincerity of her belief.

**ANSWER:**   The Policy constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 21 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.   Defendant denies the remaining allegations in Paragraph 21.

22.     Plaintiff informed Defendant she primarily practices her religion through prayer, fasting and attendance at church.

**ANSWER:**  Denied.

23.     Although a member of the church, Plaintiff advised Defendant that her beliefs are personal. The brief interview did not permit Plaintiff to expand on her faith.

**ANSWER:**  Denied.

24.     Plaintiff stated her faith in seeing the Lord's will and obeying Him led her to submit the exemption request.

**ANSWER:**  Denied.

25.     Plaintiff advised the HR representative that she had sought and was approved for an exemption/accommodation from the Defendant for the influenza vaccination for the 2020-2021 year for the same religious reasons.

**ANSWER:**  Denied.

26.     Plaintiff also informed Defendant she seeks God's guidance on all aspects of her life, including major medical decisions. "I believe that my Creator, God, is in control of all things and has me covered over all diseases and pestilences. ...I trust whatever happens with my life, from the smallest to the biggest things, in all areas of my life, that God has planned for me...."

**ANSWER:**  Paragraph 26 purports to describe written correspondence from Plaintiff regarding the Policy, the COVID-19 Vaccination requirement, and Plaintiff's religious accommodation request form constitute written documents, the terms of which would speak for themselves; the allegations in Paragraph 26 are denied to the extent they are inconsistent with the terms of any such written document and/or do not accurately reflect any such written document in part or in entirety.

27.     Based on these same beliefs and practices, Plaintiff prayed on the COVID-19 Vaccine and was led by God not to get the vaccine.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 27, and, therefore, Defendant denies the allegations in Paragraph 27 on that basis.

28.     Plaintiff's accommodation request included a number of possible precautions she was willing to take and had taken since the pandemic began in order to decrease the spread of COVID-19.

**ANSWER:**   Plaintiff's religious accommodation request form constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 28 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant denies the remaining allegations in Paragraph 28.

29.     Defendant advised Plaintiff that they hoped to have these requests wrapped up by September 1, 2021.

**ANSWER:**   Defendant admits that, pursuant to the Vaccination Policy, caregivers were required to submit requests for exemption from the policy by September 1, 2021.  Defendant denies the remaining allegations in Paragraph 29.

30.     On September 3, 2021, Plaintiff was notified that her religious accommodation request was denied.

**ANSWER:**   Defendant admits that on or about September 3, 2021, Defendant informed Plaintiff of its decision to deny her religious accommodation request and allow her additional time to get vaccinated if she so chose.  Paragraph 30 purports to describe written correspondence that

Plaintiff received, and written correspondence with Plaintiff regarding the Policy, the COVID-19 Vaccination requirement, and Plaintiff's religious accommodation request form constitute written documents, the terms of which would speak for themselves; the allegations in Paragraph 30 are denied to the extent they are inconsistent with the terms of any such written document and/or do not accurately reflect any such written document in part or in entirety.  Defendant denies the remaining allegations in Paragraph 30.

31.    Plaintiff was advised by Defendant that there was no appeal process, and all decisions were final.

**ANSWER**:  Paragraph 31 purports to describe written correspondence that Plaintiff received, and written correspondence with Plaintiff regarding the Policy, the COVID-19 Vaccination requirement, and Plaintiff's religious accommodation request form constitute written documents, the terms of which would speak for themselves; the allegations in Paragraph 31 are denied to the extent they are inconsistent with the terms of any such written document and/or do not accurately reflect any such written document in part or in entirety.

32.    Defendant failed to discuss any possible reasonable accommodations with Plaintiff.

**ANSWER:**  Denied.

33.    Defendant failed to engage in any interactive process with Plaintiff regarding her request for an accommodation.

**ANSWER:**  Denied.

34.    Defendant could and did reasonably accommodate other employees.

**ANSWER:**  Defendant admits that it did grant religious accommodations to qualified individuals.  Defendant denies that Plaintiff qualified for a religious accommodation from the Policy's vaccination requirement.  Defendant denies the remaining allegations in Paragraph 34.

35.     Plaintiff's request for accommodation would not have created an undue hardship on Defendant.

**ANSWER:**  The allegations in Paragraph 35 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that Plaintiff qualified for a religious or medical accommodation from the Policy's vaccination requirement, and, therefore, Defendant denies the allegations in Paragraph 35.

36.     An ICU nurse with the same religious beliefs of Plaintiff received an exemption for the COVID vaccine as a reasonable accommodation.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 36, and, therefore, Defendant denies the allegations in Paragraph 36 on that basis.

37.     On September 8, 2022, Plaintiff was seen by her primary care physician due to an exacerbation of her major depression, generalized anxiety disorder and PTSD caused by the declination of the vaccine exemption, which resulted in emotional decline (having "waves of grief), "melt downs" and increased panic attacks.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 37 regarding whether Plaintiff saw her primary care physician on September 8, 2022 for alleged major depression, generalized anxiety disorder, or PTSD, or whether Plaintiff had any alleged major depression, generalized anxiety disorder, PTSD, emotional decline, waves of grief, melt downs, or panic attacks, and, therefore, Defendant denies those allegations in Paragraph 37 on that basis.  Defendant denies the remaining allegations in Paragraph 37.

38.     Plaintiff felt she "was losing everything; this is my calling and purpose."

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 38, and, therefore, Defendant denies the allegations in Paragraph 38 on that basis.

39.    On September 14, 2021, Plaintiff submitted paperwork identifying herself as an individual with a disability.

**ANSWER:** Defendant admits that on September 14, 2021, Plaintiff updated the Workday portal to state, "Yes, I have a Disability."  Defendant denies the remaining allegations in Paragraph 39.

40.    Depression and anxiety were identified as a disability on the form.

**ANSWER:**  Denied.

41.    On September 16, 2021, Plaintiff received a notice of termination for September 21, 2021.

**ANSWER:**   Defendant admits that it terminated Plaintiff's employment effective September 21, 2021.  Defendant's September 16, 2021 email constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 41 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant denies the remaining allegations in Paragraph 41.

42.    On or about September 20, 2021, Plaintiff's mental health counselor prepared a letter advising she had treated Plaintiff since May 2020 for her diagnosis of Persistent Depressive Disorder ND Generalized Anxiety Disorder. The manifestation of the conditions included: excessive worry, impaired concentration, difficulty sleeping, depressed mood, low self-esteem and difficulty with decision making. In recent weeks, Plaintiff had increased anxiety due to the

mandatory vaccine requirement. The therapist noted that throughout the treatment Plaintiff had spoken of her religion and faith.

**ANSWER:**  Defendant admits that Plaintiff submitted a letter from her therapist, dated September 20, 2021.  This September 20, 2021 letter constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 42 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 42, and, therefore, Defendant denies the allegations in Paragraph 42 on that basis.

43.     The denial of the exemption caused increased anxiety and depression and resulted in a prescription for an anti-depressant.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 43 regarding whether Plaintiff had anxiety or depression, or whether she needed a prescription for an anti-depressant, and, therefore, Defendant denies those allegations in Paragraph 43 on that basis.  Defendant denies the remaining allegations in Paragraph 43.

44.     On September 21, 2021, Plaintiff was terminated as a result of her religious beliefs and disability and was escorted from the premises by security.

**ANSWER:**  Denied.

45.     As the therapist warned, once terminated, Plaintiff lost health insurance coverage and access to vital mental health treatment.

**ANSWER:**  Defendant admits that when Plaintiff's employment with it ended, her health insurance coverage through Defendant ended. Defendant lacks sufficient knowledge or

information to form a belief regarding the truth of the remaining allegations in Paragraph 45, and, therefore, Defendant denies the remaining allegations in Paragraph 45 on that basis.

46.     Defendant failed to discuss any possible reasonable accommodations with Plaintiff.

**ANSWER:**  Denied.

47.     Defendant failed to engage in any interactive process with Plaintiff regarding her request for an accommodation.

**ANSWER:**  Denied.

48.     Defendant could and did reasonably accommodate other employees.

**ANSWER:**  Defendant admits that it did grant accommodations to qualified individuals. Defendant denies that Plaintiff qualified for an accommodation from the Policy's vaccination requirement.  Defendant denies the remaining allegations in Paragraph 48.

"Claims and Damages" Paragraph.   Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant.

**ANSWER:**  Defendant admits that Plaintiff seeks to maintain Title VII and ADA claims against Defendant.  Defendant denies that it engaged in any unlawful conduct towards Plaintiff that violated any law and, therefore, denies the remaining allegations in the "Claims and Damages" Paragraph of the Complaint.

## COUNT I

49.     The allegations of Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

**ANSWER:**   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

50.    Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

**ANSWER:**  Defendant admits that it employs fifteen or more employees.  The remaining allegations in Paragraph 50 constitute conclusions of law to which no responsive pleading is required.

51.    At all times relevant hereto, Plaintiff was employed by Defendant and was an "Employee" as defined by 42 U.S.C. § 2000e(f).

**ANSWER:**  The allegations in Paragraph 51 constitute conclusions of law to which no responsive pleading is required.

52.    Plaintiff received her Right to Sue letter from the DDOL on February 15, 2023. *See Exhibit A.*

**ANSWER:**  Defendant admits that the DDOL Final Determination and Right to Sue Notice is dated February 15, 2023.  The DDOL Final Determination and Right to Sue Notice constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 52 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 52 regarding when Plaintiff received the DDOL Final Determination and Right to Sue Notice, and, therefore, Defendant denies the allegations in Paragraph 52 on that basis.

53.    Plaintiff received her Right to Sue letter from the EEOC on March 13, 2023. *See Exhibit B.*

**ANSWER:**  Defendant admits that the EEOC Determination and Notice of Rights is dated March 13, 2023.  The EEOC Determination and Notice of Rights constitutes a written document,

the terms of which would speak for themselves; the allegations in Paragraph 53 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 53, and, therefore, Defendant denies the remaining allegations in Paragraph 53 on that basis.

54.     Plaintiff has satisfied all statutory prerequisites for filing this action.

**ANSWER:**  The allegations in Paragraph 54 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it engaged in any conduct towards Plaintiff that violated Title VII or otherwise warranted this action.

55.     Title VII prohibits employers from ". . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" 42 U.S.C. § 2000e2(a)(1).

**ANSWER:**  The allegations in Paragraph 55 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it engaged in any conduct towards Plaintiff that violated Title VII or otherwise warranted this action.

56.     Title VII requires employers to make "reasonable accommodations for their employees' religious beliefs and practices, unless doing so would result in `undue hardship' to the employer." *Id.,* 42 U.S.C. § 2000e(j).

**ANSWER:**  The allegations in Paragraph 56 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it engaged in any conduct towards Plaintiff that violated Title VII or otherwise warranted this action.

57.     Plaintiff has sincerely held religious beliefs, based in Christianity.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief regarding the truth of Plaintiff's allegation that she has a sincerely held religious belief based in Christianity, and, therefore, Defendant denies that allegation on that basis.  Defendant further denies that Plaintiff asserted an objection to the COVID vaccine based on a sincerely held religious belief, as opposed to a personal objection that was secular in nature, and further denies Plaintiff qualified for a religious accommodation from the Policy's vaccination requirement.   The remaining allegations in Paragraph 57 constitute conclusions of law to which no responsive pleading is required, and, to the extent a response is required, Defendant denied the remaining allegations in Paragraph 57.

58.    Plaintiff seeks God's guidance on all aspects of her life, including medical decisions, through prayer, fasting and attendance at church.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 58, and, therefore, Defendant denies the allegations in Paragraph 58 on that basis.  By way of further response, Defendant denies that Plaintiff asserted an objection to the COVID vaccine based on a sincerely held religious belief, as opposed to a personal objection that was secular in nature.

59.    In accordance with Plaintiff's religious beliefs, she was taught that the Scriptures reveal that God knows us even before we are conceived. *See* Jeremiah 1:4-5 ("The word of the Lord came to me, saying, 'Before I formed you in the womb I knew you, before you were born I set you apart; I appointed you as a prophet to the nations."). God's creative powers are effectively at work while we are yet in the womb. *See* Psalm 139:13-16 ("For you created my inmost being; you knit me together in my mother's womb. I praise you because I am fearfully and wonderfully made; your works are wonderful; I know that full well. My frame was not hide from you when I

was made in the secret place when I was woven together in the depths of the earth. Your eyes saw my unformed body; all the days ordained for me were written in your book before one of them came to be.").

**ANSWER:**  Paragraph 59 purports to quote from the Bible, which is a written document, the terms of which would speak for themselves; the allegations in Paragraph 59 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 59, and, therefore, Defendant denies the remaining allegations in Paragraph 59 on that basis.  By way of further response, Defendant denies that Plaintiff asserted an objection to the COVID vaccine based on a sincerely held religious belief, as opposed to a personal objection that was secular in nature.

60.    Abortion is condemned and as a Christian, Plaintiff believes that life begins at conception and ends at natural death. The Didache, a conduct code of the early Christian community, dated at approximately 70 A.D., states: "Do not abort or kill a child that is born." Loeb Edition of the Apostolic Fathers (also translated as, "Thou shalt not murder a child by abortion nor kill that which is begotten.") A Plea for Christians, written around A.D. 177 by Athenagoras, stated, "[W]e say that those women who use drugs to bring on abortion commit murder, and will have to give account to God for the abortion." Tertullian, in his Apologeticum, written in 197 A.D., wrote: "Murder being once for all forbidden, we [Christians] may not destroy even the fetus in the womb,..." Hence, it is my sincerely held religious belief that abortion is murder, a violation of one of the Ten Commandments ("You shall not murder." Exodus 20:13), and, for that reason, it would violate my sincerely held religious beliefs to cooperated with or be complicit in abortion in any way.

18

**ANSWER:**  Paragraph 60 purports to quote from the Bible, which is a written document, the terms of which would speak for themselves; the allegations in Paragraph 60 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 60, and, therefore, Defendant denies the remaining allegations in Paragraph 60 on that basis.  By way of further response, Defendant denies that Plaintiff asserted an objection to the COVID vaccine based on a sincerely held religious belief, as opposed to a personal objection that was secular in nature.

61.     The COVID-19 vaccines were developed or tested using cell lines that were generated or derived from tissues of aborted fetuses. J&J used an aborted fetal cell line in manufacturing its COVID-19 vaccine, while Moderna and Pfizer used aborted fetal cell lines in testing the efficacy of their vaccines.

**ANSWER:**  Defendant admits that while it cannot speak to the specific manufacturing process, it is publicly available knowledge that cell lines derived from fetal tissue were used in the manufacturing of the Johnson & Johnson vaccine and in the testing of the Pfizer and Moderna vaccines, which based upon information and belief is consistent with industry practice for a variety of vaccines and medications. Defendant denies the remaining allegations in Paragraph 61.

62.     Thus, getting any of the COVID-19 vaccines would have violated her sincerely held religious beliefs.

**ANSWER:**  Defendant denies that Plaintiff asserted an objection to the COVID vaccine based on a sincerely held religious belief, as opposed to a personal objection that was secular in nature. Defendant denies the remaining allegations in Paragraph 62.

63.     Plaintiff informed Defendant of her sincerely held religious beliefs when she

requested a reasonable accommodation from Defendant's COVID-19 vaccine mandate.

**ANSWER:**  Defendant admits only that Plaintiff requested an exemption from the Policy as an accommodation.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of Plaintiff's allegation that she has a sincerely held religious belief, and, therefore, Defendant denies that allegation on that basis.  The remaining allegations in Paragraph 63 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that Plaintiff demonstrated to ChristianaCare that she was unable to comply with the Policy due to her sincerely held religious beliefs, as opposed to a personal objection that was secular in nature, and further denies Plaintiff qualified for a religious accommodation to the Policy's vaccination requirement, and, therefore, Defendant denies the remaining allegations in Paragraph 63.

64.    As a result of her sincerely held religious beliefs, Plaintiff was terminated on September 21, 2021.

**ANSWER:**  Denied.

65.    In violation of Title VII, Defendant failed to engage in a meaningful interactive process and failed to provide a reasonable accommodation, despite having the ability to accommodate Plaintiff without an undue burden.

**ANSWER:**  Denied.

66.    Defendant would not have been "unduly burdened" in accommodating Plaintiff's requests as Plaintiff had been following masking, social distancing and was willing to undergo testing as often as required by Defendant.

**ANSWER:**   The allegations in Paragraph 66 regarding "undue burden" constitute conclusions of law to which no responsive pleading is required.  Defendant denies the remaining allegations in Paragraph 66.

67.     Defendant has subjected Plaintiff to discrimination and failed to accommodate her on the basis of her religious beliefs in violation of Title VII by denying Plaintiff a reasonable accommodation and ultimately terminating her for her sincerely held religious beliefs.

**ANSWER:**  Denied.

68.     Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, compensatory damages, and the cost of bringing this action.

**ANSWER:**  Denied.

## COUNT II

69.     The allegations of Paragraphs 1 through 68 are fully incorporated by reference as if fully restated herein.

**ANSWER:**   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

70.     Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(5).

**ANSWER:**  Defendant admits that it employs fifteen or more employees.  The remaining allegations in Paragraph 70 constitute conclusions of law to which no responsive pleading is required.

71.     At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 12111(4).

**ANSWER:**  The allegations in Paragraph 71 constitute conclusions of law to which no responsive pleading is required.

72.     Plaintiff received her Right to Sue letter from the DDOL on February 15, 2023. *See Exhibit A.*

**ANSWER:**  Defendant admits that the DDOL Final Determination and Right to Sue Notice is dated February 15, 2023.  The DDOL Final Determination and Right to Sue Notice constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 72 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 72 regarding when Plaintiff received the DDOL Final Determination and Right to Sue Notice, and, therefore, Defendant denies the allegations in Paragraph 72 on that basis.

73.     Plaintiff received her Right to Sue letter from the EEOC on March 13, 2023. *See Exhibit B.*

**ANSWER:**  Defendant admits that the EEOC Determination and Notice of Rights is dated March 13, 2023.   The EEOC Determination and Notice of Rights constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 73 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 73, and, therefore, Defendant denies the remaining allegations in Paragraph 73 on that basis.

74.     Plaintiff has satisfied all statutory prerequisites for filing this action.

**ANSWER:**  The allegations in Paragraph 74 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it engaged in any conduct towards Plaintiff that violated the ADA or otherwise warranted this action.

75.   Plaintiff has depression, PTSD and Generalized Anxiety Disorder for which she was being treated, which constitutes a disability as defined by 42 U.S.C. § 12102.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 75 regarding whether Plaintiff has the medical conditions identified in Paragraph 75 or whether she needed treatment for any such alleged medical condition, and, therefore, Defendant denies those allegations in Paragraph 75 on that basis.  The remaining allegations in Paragraph 75 constitute conclusions of law to which no responsive pleading is required.

76.   In the weeks after the announcement of Defendant's COVID-19 vaccine mandate, Plaintiff's condition worsened and her mood declined as well as having increased anxiety attacks due to the policy, implementation of the policy and the eventual unjustified and discriminatory denial of her exemption request based upon her religious beliefs.

**ANSWER:**  Denied.

77.   On September 8, 2022, Plaintiff was issued a prescription for an anti-depressant as result of this acute exacerbation of her disability. In addition, her therapy sessions became more frequent.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 77 regarding whether Plaintiff received a prescription for an anti-depressant on September 8, 2022 or whether Plaintiff started attending more

therapy sessions after September 8, 2022, and, therefore, Defendant denies those allegations in Paragraph 77 on that basis.  Defendant denies the remaining allegations in Paragraph 77.

78.     As a result of her termination, Plaintiff lost health insurance coverage and access to this necessary mental health treatment.

**ANSWER:**  Defendant admits that when Plaintiff's employment with it ended, her health insurance coverage through Defendant ended.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 78, and, therefore, Defendant denies the remaining allegations in Paragraph 78 on that basis.

79.     Defendant knew of Plaintiff's disability as she had completed forms identifying the disability prior to her termination.

**ANSWER:** Defendant admits that on September 14, 2021, Plaintiff updated the Workday portal to state, "Yes, I have a Disability."  Defendant denies the remaining allegations in Paragraph 79.

80.     On or around September 20, 2021, Plaintiff submitted a medical accommodation request as well as additional support for her religious exemption.

**ANSWER:**  Defendant admits that Plaintiff submitted a letter from her therapist, dated September 20, 2021.  This September 20, 2021 letter constitutes a written document, the terms of which would speak for themselves; the allegations in Paragraph 80 are denied to the extent they are inconsistent with the terms of such written document and/or do not accurately reflect such written document in part or in entirety.  Defendant denies the remaining allegations in Paragraph 80.

81.     Shortly thereafter, Plaintiff was notified her medical accommodation request was denied.

**ANSWER:**  Denied.

82.    Defendant failed to engage in any discussions with Plaintiff regarding her accommodation request.

**ANSWER:** Denied.

83.    Defendant's denial was based upon the fact the mandatory vaccine was not "contraindicated" for Plaintiff's serious mental health conditions for which had increased due to Defendant's policy.

**ANSWER:** Denied.

84.    Defendant was required to initiate the interactive process with Plaintiff to identify the limitations resulting from her disability and potential reasonable accommodation that could overcome those limitations.

**ANSWER:**   The allegations in Paragraph 84 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies that Plaintiff has established that any of her alleged medical conditions substantially limit a major life activity or how they are contraindicated with receiving the COVID-19 vaccine, and further denies that Plaintiff requested a medical accommodation or that Plaintiff qualified for a medical accommodation from the Policy's vaccination requirement, and, therefore, Defendant denies the allegations in Paragraph 84.

85.    Defendant failed to state an undue hardship it would have suffered by providing Plaintiff with her requested reasonable accommodations.

**ANSWER:**   The allegations in Paragraph 85 regarding "undue hardship" constitute conclusions of law to which no responsive pleading is required.  Defendant admits that it did not advise Plaintiff of the undue hardship that accommodating her would create, but denies that

Plaintiff qualified for a religious accommodation or medical accommodation from the Policy's vaccination requirement.  Defendant denies the remaining allegations in Paragraph 85.

86.     Defendant engaged in an adverse employment action taken against Plaintiff by terminating her because of her disabilities.

**ANSWER:**  Denied.

87.     Plaintiff has suffered damages as a result of Defendant Christiana Care's unlawful discriminatory actions, including past and future lost wages and benefits, compensatory damages, and the cost of bringing this action.

**ANSWER:**  Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A.  Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B.  Awarding Plaintiff any and all compensation due as a result of the violations herein including, but not limited to lost wages, salary, employment benefits, back pay, front pay and any or all pecuniary damages.

C.  Awarding Plaintiff punitive damages.

D.  Awarding Plaintiff compensatory damages.

E.  Awarding Plaintiff an equal and additional amount as liquidated damages.

F.  Awarding Plaintiff costs and reasonable attorney's fees.

G.  Awarding Plaintiff pre and post judgement interest at the legal rate.

H. Any and all such other relief as the Court deems appropriate under the circumstances.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any relief whatsoever, including without limitation the relief specifically sought in the Complaint and denies all allegations in the "Prayer for Relief" section of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint which is not specifically admitted herein.

## DEFENDANT'S SEPARATE DEFENSES

Defendant asserts the following defenses without conceding that it bears the burden of proof as to any of them.  Defendant expressly reserves its right to assert additional defenses as this case proceeds.  Defendant further states that it is not setting forth below all facts and arguments that it may rely upon to defend against Plaintiff's claims and/or to support its defenses because, among other reasons, doing so is not required under applicable law, and because discovery has not yet commenced, and this case is at an early stage.  Defendant expressly reserves, and is not waiving, any and all such rights, factual assertions, arguments, and/or additional defenses that may appear and prove applicable during the course of this litigation.

Defendant asserts the following separate defenses to the Complaint:

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendant.

2.     Plaintiff's claims are barred to the extent that she failed to exhaust her internal and/or administrative remedies.

3.      Plaintiff's claims and/or remedies are diminished or barred to the extent that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

4.      Plaintiff's claims are barred, in whole or in part, to the extent she has not appropriately or adequately mitigated her damages or otherwise avoided them.

5.      To the extent that Plaintiff has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to her from Defendant (if any).

6.      To the extent Plaintiff has sustained any damages, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of such individuals owed to Defendant or prior payments to such individuals against any judgment that may be entered against Defendant.

7.      Plaintiff's claims for damages or awards may be barred, in whole or in part, to the extent that she seeks to recover damages or awards that are not available under the applicable statutes.

8.      Plaintiff is not entitled to liquidated or punitive damages because Defendant did not act with an improper motive, malice, or reckless disregard of Plaintiff's protected rights and/or Plaintiff cannot prove a willful violation.  Rather, all actions regarding Plaintiff were taken in good faith and with reasonable care.  Further, Plaintiff is precluded from recovering punitive damages because an award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments.

9.      Plaintiff has not sustained, and cannot prove, any damages proximately caused by Defendant.

10.     Plaintiff's damages, if any, were solely and proximately caused by her own negligent, reckless, or intentional conduct.

11.     Plaintiff's claims for damages is barred to the extent that she seeks categories of damages that are not allowed under the applicable statute and/or exceed the amounts recoverable under the applicable statute.

12.     Plaintiff's failure to accommodate claims are barred because she does not hold a sincerely held religious belief that conflicted with a job requirement, and she has not established that any of her alleged medical conditions substantially limit a major life activity or how they are contraindicated with receiving the COVID-19 vaccine.

13.     Plaintiff's failure to accommodate claims are barred because any alleged reasonable accommodation would have been an undue hardship to Defendant, a direct threat to the health or safety of Plaintiff or others, and/or an unacceptable health or safety risk.

14.     Plaintiff's claims are barred because Plaintiff is not a qualified individual under applicable laws.

15.     Defendant asserts that all employment actions taken by Defendant were based on legitimate, non-discriminatory, and non-pretextual business reasons unconnected to Plaintiff's religion or any other protected category or activity and were taken for good cause and in the good faith exercise of Defendant's reasonable business judgment.

16.     Defendant pleads in the alternative that the employment actions regarding Plaintiff would have been taken regardless of Plaintiff's religion, medical condition, or any other protected category or activity.

17.     To the extent applicable, Defendant has established, implemented, and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices in accordance with all applicable laws.

18.     Defendant asserts that Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendant is found liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

19.     If Plaintiff is able to prove any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

20.     To the extent that, during the course of this litigation, Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment, such after acquired evidence shall bar Plaintiff on liability or damages or shall reduce any right to relief as provided by law.

21.     Plaintiff's claims are barred to the full extent of the operation of estoppel, laches, release, waiver, and unclean hands, or other equitable defenses.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendant, and award Defendant its costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: August 24, 2023                Respectfully submitted,

                                      */s/ Jody C. Barillare*
                                      Jody C. Barillare (#5107)
                                      1201 North Market Street, Suite 2201
                                      Wilmington, DE 19801
                                      jody.barillare@morganlewis.com
                                      302.574.3000

                                      Emily Cuneo DeSmedt
                                      (*pro hac vice to be submitted*)
                                      Morgan, Lewis & Bockius LLP
                                      502 Carnegie Center
                                      Princeton, NJ 08540
                                      609.919.6600
                                      emily.desmedt@morganlewis.com

                                      Anne E. Martinez
                                      (*pro hac vice to be submitted*)
                                      Morgan, Lewis & Bockius LLP
                                      1701 Market Street
                                      Philadelphia, PA 19103
                                      215.963.5000
                                      anne.martinez@morganlewis.com

                                      *Attorneys for Defendant*
                                      *Christiana Care Health System, Inc.*